UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ROMANO SPRINGFIELD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ATASCADERO STATE HOSPITAL,<br>et al.,<br><br>　　　　Defendants. | NO. CV 23-3749 MEMF (KS)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

　　　This Report and Recommendation is submitted to the Honorable Maame Ewusi-Mensah Frimpong, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. The undersigned recommends that the Court grant Defendant Jason Black's Motion to Dismiss based on Plaintiff's failure to oppose the Motion, which the Court deems as Plaintiff's consent to the granting of the Motion under Local Rule 7-12, and dismiss this action with prejudice as to Defendant Black.  The undersigned further recommends that the Court dismiss the remainder of this action without prejudice for the failure to prosecute under Federal Rule of Civil Procedure 41(b), and for the failure to keep the Court informed of Plaintiff's current address under Local Rule 41-6.

\\

# BACKGROUND

On May 15, 2023, Plaintiff, a California inmate then housed at Atascadero State Hospital, and proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint"). (Dkt. No. 1.) The Complaint named as Defendants Atascadero State Hospital and Joseph John Lopez, a "Staff Director Supervisor" at Atascadero State Hospital, in his official capacity. (*Id.* at 1-3.) On June 2, 2023, the Court dismissed the Complaint with leave to amend, and on June 21, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. Nos. 5-6.) The FAC added Defendant Jason Black, the Executive Director of Atascadero State Hospital. (Dkt. No. 6 at 3.) The FAC sues Defendants Lopez and Black in both their individual and official capacities. (*Id.*) A review of Plaintiff's allegations reveals that this action arose out of injuries Plaintiff allegedly suffered when prison staff members attempted to restrain Plaintiff in order to administer medication he was refusing to take. (*Id.* at 5-6.)

On August 14, 2023, Plaintiff filed an address change with the Court. (Dkt. No. 7.) Per Plaintiff's August 2023 change of address, his current address of record with the Court is Elmwood Men's Facility in Milpitas, California. (*Id.*)

On August 31, 2023, the Court directed that the U.S. Marshal serve the FAC on Defendants. (Dkt. Nos. 8, 10.) Thereafter, on October 16, 2023, the Court issued its first Order to Show Cause re: Dismissal in this case for Plaintiff's failure to file copies of his completed USM-285 forms with the Court, as he was ordered to do. (Dkt. Nos. 9, 13.) Three days later, Plaintiff filed the USM-285 forms and waivers of service for Defendants Lopez and Black. (Dkt. Nos. 14-17.)

\\
\\

On November 20, 2023, Defendant Lopez answered the FAC and Defendant Black filed a Motion to Dismiss the FAC ("Motion"). (Dkt. Nos. 18, 19.) In the Motion, Defendant Black argues that he should be dismissed from this case because "[t]he FAC has failed to plead sufficient facts to show that Black participated in alleged constitutional violations in his official or individual capacities." (Dkt. No. 19 at 5.) In a minute order dated November 21, 2023, the Court set a briefing schedule on the Motion. (Dkt. No. 21.) Pursuant to the briefing schedule, the deadline for Plaintiff to file and serve an opposition to the Motion was December 21, 2023. (*Id.*)

On January 8, 2024, no opposition having been filed, the Court issued its second Order to Show Cause re: Dismissal (the "OSC") reminding Plaintiff that his opposition was more than two weeks past due and ordering him to show cause, on or before February 7, 2024, "why the Court should not recommend that the action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure and/or the Motion be granted under Local Rule 7-12." (Dkt. No. 22 at 2.) Plaintiff was given two options to discharge the OSC: to either file his opposition or a request for extension of time to file the opposition supported by a sworn declaration establishing good cause for Plaintiff's failure to timely respond to the Motion. (*Id.*) The Court expressly cautioned Plaintiff in bold letters that "his failure to respond to this [OSC] may result in a recommendation of dismissal based on Rule 41 of the Federal Rules of Civil Procedure and/or that the Motion be granted under Local Rule 7-12." (*Id.*)

On January 24, 2024, the copy of the Court's OSC mailed to Plaintiff at his current address of record (Elmwood Men's Facility) was returned by the U.S. Postal Service undelivered. (Dkt. No. 23.) Plaintiff has not responded to the OSC or had any communication with the Court since October 19, 2023. (Dkt. Nos. 14, 16.)

\\
\\

Based upon an online search of the publicly available inmate records of the California Department of Corrections and Rehabilitation ("CDCR"), it does not appear that an inmate named Wayne Romano Springfield is currently in CDCR custody. *See* CDCR California Incarcerated Records and Information Search (CIRIS), *available at* https://apps.cdcr.ca.gov/ciris/search (last accessed on February 26, 2024).

The Court thus concludes that Defendant Black's Motion should be granted and the action dismissed with prejudice as to Defendant Black, and that the **entire action** should be dismissed without prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and due to Plaintiff's failure to keep the Court apprised of his current address under Local Rule 41-6.

## DISCUSSION

**I.    Dismissal for Failure to Prosecute Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**

Rule 41(b) grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—weigh in favor of dismissal. It has been more

1 than three months since Defendant Black filed the pending Motion, but Plaintiff has failed to
2 file an opposition or communicate with the Court despite the Court issuing an OSC directing
3 Plaintiff to file his opposition and granting him 48 additional days to do so. (Dkt. No. 22.) In
4 the OSC, Plaintiff was clearly warned that the consequence for his failure to respond may be
5 a recommendation of dismissal. (*Id.* at 2.) Plaintiff has not proffered any explanation for his
6 failure to file a timely opposition, let alone demonstrated good cause. Plaintiff's failure to file
7 an opposition or comply with the OSC, despite the Court's instructions and admonitions,
8 hinders the Court's ability to move this case toward disposition.

The third factor—risk of prejudice to Defendant—also weighs in favor of dismissal. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967-68. As discussed above, it has been more than three months since Defendant Black filed the pending Motion. (Dkt. No. 19.) The Court issued a briefing schedule on the Motion on November 21, 2023, ordering Plaintiff to "file and serve an Opposition to the Motion no later than December 21, 2023." (Dkt. No. 21.) The Court subsequently afforded Plaintiff an extension of time to file the opposition (via the OSC), gave Plaintiff options for discharging the OSC, and warned Plaintiff in clear, bold language that the failure to timely discharge the OSC may result in a recommendation of dismissal. (Dkt. No. 22.) Under these circumstances, the Court finds the delay to be unreasonable and presumes prejudice. *Eisen*, 31 F.3d at 1452-53; *Moore*, 589 F.2d at 967-68.

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, the Court has made reasonable attempts to avoid outright dismissal by giving Plaintiff an extension to file the opposition and specific instructions for discharging the OSC. (Dkt. No. 22.) The Court further notes that Plaintiff previously delayed this action and required the Court to issue an earlier order to show cause. (Dkt. No. 13.) Plaintiff has since failed to comply with the Court's instructions in the current OSC or contact

the Court about his case since October 19, 2023. (Dkt. Nos. 14, 16.) Therefore, after exploring meaningful alternatives to dismissal, the Court finds that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer appropriate.

The fifth factor—the general policy favoring resolution of cases on the merits—potentially favors retention of this action on the Court's docket. However, notwithstanding this policy, it is the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, the Court expressly warned Plaintiff that failure to discharge the OSC may lead to a recommendation of dismissal. (Dkt. No. 22.) In these circumstances, it does not appear that the Court's retention of this action would increase the likelihood that the matter would be resolved on its merits. Further, the Court recommends dismissal without prejudice. Thusp[, Plaintiff will be afforded another opportunity, should he choose to take it, to adjudicate the case on its merits when he is ready to timely comply with the Court's deadlines.

## II.     Local Rule 41-6

California Central District Local Rule 41-6 provides as follows:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* Plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the

service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

C.D. Cal. L.R. 41-6.

In the instant case, approximately 50 days have passed since the Court issued the OSC, which was returned undelivered. (Dkt. Nos. 22, 23.) To date, Plaintiff has not notified the Court of an updated address. Under the circumstances, Local Rule 41-6 expressly authorizes the Court to dismiss this case.

**III.  Local Rule 7-12**

Local Civil Rule 7-12 states that a party's failure to file "any required document," such as an opposition to a motion, "may be deemed consent to the granting . . . of the motion." Plaintiff failed to file an opposition to Defendant Black's Motion by the original and extended deadlines. (Dkt. No. 22.) Plaintiff did not file an opposition, a request for an extension of time, or respond to the Court's briefing schedule and did not respond to the OSC in any fashion. Plaintiff was expressly warned in the OSC that the failure to timely comply could lead to a recommendation of dismissal based in part on Local Rule 7-12. (*Id.*) Therefore, in addition to Plaintiff's failure to prosecute this entire action, pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file an opposition to Defendant Black's Motion his consent to the granting of the Motion. C.D. Cal. L.R. 7-12. Accordingly, the Court recommends that the Motion be GRANTED with prejudice for the failure to state a claim against Defendant Black.

\\
\\
\\

# RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the District Judge issue an ORDER: (1) accepting this Report and Recommendation; (2) GRANTING Defendant BLACK's Motion to Dismiss; (3) directing that judgment be entered dismissing Defendant Black from this action with prejudice; and (4) directing that Judgment be further entered dismissing the remainder of this action without prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and under Local Rule 41-6.

DATE: February 29, 2024

_____
KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

# NOTICE

Reports and Recommendations are not appealable to the Court of Appeals but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.